IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JENNIFER CHAVEZ,                          :
                                          :
            Plaintiff,                    :
                                          :
v.                                        :      CIVIL ACTION NO.
                                          :      1:13-CV-00312-WSD-JCF
CREDIT NATION AUTO SALES, INC,            :
formerly known as SYNERGY MOTOR           :
COMPANY                                   :
                                          :
            Defendant.                    :

## <u>ORDER and NON-FINAL REPORT AND RECOMMENDATION</u>

This case is before the Court on Defendant's Motion to Dismiss (Doc. 6), seeking to dismiss Plaintiff's Complaint because Plaintiff failed to state a claim under 42 U.S.C. § 1981(a), and because Plaintiff failed to timely exhaust her administrative remedies by failing to file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within 180 days of her termination. Because Plaintiff has filed an Amended Complaint in which she no longer references 42 U.S.C. § 1981(a), it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's 42 U.S.C. § 1981(a) "claim" be **DENIED as moot**. Furthermore, because the resolution of whether the statute of limitations for Plaintiff's Title VII claim was equitably tolled requires the

1

consideration of materials outside the pleadings and additional factual development, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's Complaint be **DENIED** without prejudice to its right to seek summary judgment on exhaustion grounds following the close of discovery.  The other pending motions – namely, Plaintiff's motion to strike Exhibit 1 to Defendant's motion to dismiss (Doc. 11); Defendant's motion to strike declarations submitted by Plaintiff in support of her response to Defendant's motion to dismiss (Doc. 14); and Plaintiff's motion to strike Defendant's reply as untimely, or in the alternative, to file a surreply (Doc. 15) – are **DENIED**.

<u>**Procedural History**</u>

On January 30, 2013, Plaintiff filed a Complaint alleging that Defendant, her former employer, terminated her because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. ("Title VII") and "Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) [sic]."  (Doc. 1). Specifically, Plaintiff alleges that after she informed her employer "of her plan to transition from male to female," Defendant's owner, Jim Torcia, expressed disapproval of her plan and "stated that Chavez would be subject to rules applicable only to her, including that she was not to wear certain kinds of clothing when coming to work, before changing into her uniform, or when leaving from

2

work, which clothing he considered 'too feminine,' such as a 'dress.' " (*Id.* at ¶¶ 27, 35, 53, 56).  Torcia allegedly stated that "any woman" who wore a dress in Defendant's service department would be disruptive, and he made other negative comments about Plaintiff's transition.  (*Id.* at ¶¶ 57-64).  Plaintiff believes that Torcia then "directed his managers to find a pretext to terminate [Plaintiff] that appeared to be legitimate, because Torcia wished to terminate Chavez because of her gender identity and gender expression." (*Id.* at ¶ 71).  Plaintiff's work was subjected to increased scrutiny, and after she underwent surgery related to her gender transition and returned to work appearing "more female than before," Plaintiff was increasingly ostracized.  (*Id.* at ¶¶ 76-90).  On January 11, 2010, Defendant terminated Plaintiff for "sleeping while on the clock on company time," after she was observed sitting in the back of a car with her eyes closed for 15 minutes while she was on duty.  (*Id.* at ¶¶ 92-124).  Plaintiff alleges that "Defendant's termination of Chavez was because of animus based on her gender identity and expression." (*Id.* at ¶ 133).

Defendant filed a motion to dismiss Plaintiff's Complaint.  (Doc. 6). Defendant attached a number of exhibits to its motion, including a Georgia Department of Labor Board of Review decision denying Plaintiff unemployment benefits (Exhibit 1); Plaintiff's April 25, 2012 EEOC charge (Exhibit 2); the

EEOC's notice to Defendant of Plaintiff's charge (Exhibit 3); a May 7, 2012 letter from the EEOC to Plaintiff notifying her of the EEOC's dismissal of her charge as untimely (Exhibit 4); the EEOC's May 10, 2012 dismissal of Plaintiff's charge as untimely and notice of right to sue (Exhibit 5);  the EEOC's June 19, 2012 notice of reconsideration and revocation of notice of right to sue, indicating that the EEOC "intend[ed] to re-examine the merits of and reconsider the Notice of Rights issued" on her charge (Exhibit 6); the EEOC's August 1, 2012 pre-determination letter to Plaintiff's attorney setting forth Defendant's response to the charge (Exhibit 7); and the EEOC's November 14, 2012 dismissal of Plaintiff's charge and notice of right to sue (Exhibit 8).  (*See* Docs. 6-1 through 6-8).

Plaintiff responded to Defendant's motion (Doc. 10), to which she also attached a number of exhibits, including: an "affirmation" by her attorney Jillian T. Weiss (Exhibit 1) with attached Appendices—correspondence between Ms. Weiss and the EEOC regarding Ms. Weiss's Freedom of Information Act request (Appendices A, B); the affidavit of Manuel Zurita and attached EEOC documents, including the EEOC's December 19, 2012 decision on Plaintiff's request for reconsideration (Appendix C); Plaintiff's Declaration (Exhibit 2) with attached Appendices—employment-related documents Plaintiff allegedly gave an EEOC investigator on January 12, 2010 (Appendices A, B); Declaration of Cody Chavez,

Plaintiff's son (Exhibit 3); Declaration of Reverend Dr. Erin K. Swenson (Exhibit 4); and Declaration of Danielle Marie Reagan (Exhibit 5).  (*See* Doc. 10-1 through 10-5).  Plaintiff also moved to strike Exhibit 1 to Defendant's motion.  (Doc. 11).

Defendant filed a reply in support of its motion to dismiss (Doc. 12), to which it attached authenticated copies of the EEOC's May 7, 2012 letter to Plaintiff, the EEOC's May 10, 2012 dismissal and notice of right to sue, and the EEOC's August 1, 2012 pre-determination letter (*see* Doc. 12-1).  Defendant also moved to strike the declarations Plaintiff submitted with her response, either in whole or in part.  (Doc. 14).  Plaintiff filed a response to that motion (Doc. 17), and a motion to strike Defendant's reply as untimely, or in the alternative, to file a surreply in order to address arguments made in Defendant's reply concerning an EEOC decision issued in April 2012, *Macy v. Holder*, ATF-2011-00751, concerning discrimination based on transgender status (Doc. 15).   Defendant opposed Plaintiff's motion to strike and pointed out, correctly, that its reply was timely filed.  (Doc. 16).   Plaintiff filed a reply in which she conceded that Defendant's reply was timely and withdrew "the portion of her second Motion to Strike that relates to late responses under [the Local Rules]."  (Doc. 18 at 1).  Accordingly, Plaintiff's motion to strike Defendant's reply (Doc. 15) is **DENIED**.  Plaintiff continues to request permission to file a surreply to address Defendant's

arguments concerning the *Macy v. Holder* decision, in the event the Court finds that issue relevant to the determination of Defendant's motion to dismiss (*id.* at 2). The undersigned finds that a surreply is unnecessary to the resolution of Defendant's motion, and therefore, Plaintiff's motion to file a surreply (Doc. 15) is also **DENIED**.

<u>**Discussion**</u>

**I.**      <u>**The Parties' Motions to Strike Exhibits**</u>

Plaintiff moves to strike Exhibit 1 to Defendant's motion to dismiss, i.e., a copy of a Georgia Department of Labor decision denying Plaintiff unemployment benefits, on the ground that the decision "relates to the Plaintiff's substantive employment discrimination claim," and is immaterial to the resolution of Defendant's motion to dismiss based on failure to exhaust administrative remedies. (Doc. 11 at 20). Defendant moves to strike the declarations attached to Plaintiff's response to Defendant's motion to dismiss on the grounds that the declarations contain allegations not based on personal knowledge, contain inadmissible hearsay, and are "self-serving and not credible." (Doc. 14). These motions are due to be denied.

The Court has repeatedly explained that a motion to strike is not the proper vehicle for challenging matters not contained in pleadings, which FED. R. CIV. P.

6

7(a) defines to include complaints, answers and court-ordered replies to answers, but not briefs or supporting exhibits. *See, e.g., Circle Group, LLC v. Southeastern Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1349 (N.D. Ga. Dec. 28, 2011) (explaining that "[m]otions to strike are governed by Federal Rule of Civil Procedure 12(f)," which "rule applies to pleadings, not to motions or briefs filed in support of motions"); *see also JP Morgan Chase Bank, N.A. v. Sampson*, No. 1:10-cv-1666-JEC, 2012 U.S. Dist. LEXIS 37514, at *6 (N.D. Ga. Mar. 20, 2012) (denying motion to strike late-filed response brief and explaining that " '[t]he terms of Rules 12(f) and 7(a) make clear that only material included in a pleading may be subject of a motion to strike and that motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike' " (quoting *Jeter v. Montgomery Cnty.*, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007))); *Hawk v. Atlanta Peach Movers, Inc.*, No. 1:10-CV-0239-JFK, 2011 U.S. Dist. LEXIS 43724, at *2-3 (N.D. Ga. Apr. 21, 2011) (denying the plaintiff's motion to strike several documents, including an affidavit, that were not pleadings). Accordingly, the parties' motions to strike exhibits (Docs. 11, 14) are **DENIED**.

However, the Court will consider the parties' arguments in support of their motions to strike as objections to the exhibits at issue and discuss where relevant. *See, e.g.*, *Hawk*, 2011 U.S. Dist. LEXIS 43724, at *3-4 (considering motion to

7

strike as a notice of objection); *Carroll v. Tavern Corp.*, Nos. 1:08-CV-2514-TWT-JFK, 1:08-CV-2554-TWT-JFK, 2011 U.S. Dist. LEXIS 30126, at *44-45 (N.D. Ga. Feb. 9, 2011) (denying motion to strike but considering motion as objections).[1]

## II.   Defendant's Motion to Dismiss

### A.   Motion to Dismiss Standard

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. Rule 8. That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

---

[1] The undersigned agrees with Plaintiff that Exhibit 1 to Defendant's motion to dismiss, i.e., a Department of Labor decision denying Plaintiff unemployment benefits, has no bearing on the resolution of Defendant's motion.

In general, when "considering a defendant's motion to dismiss under Rule 12(b)(6), the allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff." *Tri-State Consumer Ins. Co. v. LexisNexis Risk Solutions, Inc.*, No. 1:11-cv-1313-TCB, 2011 U.S. Dist. LEXIS 130151, at *8 (N.D. Ga. Nov. 10, 2011) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).  However, when considering a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, such as the pending motion, " 'it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.' "  *Tillery v. U.S. Dep't of Homeland Sec.*, 402 Fed. Appx. 421, 424 (11th Cir. 2010) (unpublished decision) (quoting *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)); *see also Graton v. Owens*, No. 7:09-CV-99 (HL), 2010 U.S. Dist. LEXIS 79979, at *4 (M.D. Ga. July 13, 2010) (noting that "[t]he Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case" (citing *Bryant*, 530 F.3d at 1376-77)), *adopted by* 2010 U.S. Dist. LEXIS 79960 (M.D. Ga. Aug. 9, 2010).

## B.   Plaintiff's "Claim" Under 42 U.S.C. § 1981(a)

Defendant moves to dismiss Plaintiff's claim under 42 U.S.C. § 1981(a) because § 1981(a) "does not afford protection on the basis of sex," but rather, prohibits discrimination on the basis of race.  (*See* Doc. 6 at 8-9).  In response to Defendant's motion, and within the time allowed by FED. R. CIV. P. 15, Plaintiff filed an Amended Complaint, in which she correctly asserts her claim for damages under Title VII pursuant to 42 U.S.C. § 1981a.  (*See* Doc. 9 at ¶ 1).  Thus, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's 42 U.S.C. § 1981(a) "claim" be **DENIED as moot**.

## C.   Plaintiff's Title VII Sex Discrimination Claim[2]

The threshold issue with respect to Plaintiff's Title VII claims concerns whether she timely filed an EEOC charge.  As is shown below, because the

---

[2]  Although Plaintiff's Amended Complaint supersedes her original Complaint, *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982), the Court may consider Defendant's motion to dismiss the original Complaint as being directed towards the Amended Complaint, because the issue of exhaustion of administrative remedies remains unresolved despite the filing of the Amended Complaint.  *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.  If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

undersigned has determined that she did not, the issue of whether equitable tolling excuses her delay must be addressed.

### 1.   Did Plaintiff File A Timely EEOC Charge?

Defendant moves to dismiss Plaintiff's Complaint on the ground that she failed to timely exhaust her administrative remedies, i.e., she failed to file an EEOC charge within 180 days of her termination as required by 42 U.S.C. § 2000e-5(e)(1).  (*See* Doc. 6 at 5-6). "Before suing under Title VII, a plaintiff must first exhaust her administrative remedies."  *H&R Block E. Enters. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010).  "To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." *Id*; *see also Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (explaining that "[b]ecause Georgia is a non-deferral state, [the plaintiff] was required to file a Charge of Discrimination within 180 days of the alleged unlawful employment action" (citing 42 U.S.C. § 2000e-5(e)(1)).

In this case, Plaintiff alleges that she was terminated on January 11, 2010, and therefore, to timely exhaust her administrative remedies, she was required to file a charge with the EEOC within 180 days of that date.  Defendant has shown that Plaintiff filed an EEOC charge on April 25, 2012 in which she alleged that

Defendant terminated her because of her sex in January 2010 (*see* Doc. 6-2), well beyond the 180-day period.

Plaintiff argues, however, that she "acted diligently and timely in bringing her charge to the EEOC on the very next day after her employment was terminated and the EEOC has so found." (Doc. 10, Pl. Br. at 1). The undersigned disagrees. Plaintiff has not shown that she filed a charge of discrimination within the 180-day period. Plaintiff bears the burden of proving that she has filed "a valid and timely-filed EEOC charge." *Rizo v. Ala. Dep't of Human Res.*, 228 Fed. Appx. 832, 836 (11th Cir. 2007) (unpublished decision); *see also Owens v. Omni Hotels Mgmt. Corp.*, No. 1:11-cv-00699-TWT-RGV, 2012 U.S. Dist. LEXIS 57896, at *18 (N.D. Ga. Mar. 27, 2012) (explaining that "[w]hen a defendant disputes that a plaintiff has exhausted administrative remedies or denies that the plaintiff has fulfilled the preconditions to suit, the 'plaintiff then bears the burden of proving that the conditions precedent . . . have been satisfied' " (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1010 (11th Cir. 1982))).

Although Plaintiff has presented evidence that she spoke with EEOC personnel within the 180-day period and submitted documentation concerning her allegations of discrimination (*see* Doc. 10-2), she has not pointed to evidence that

she actually filed a charge[3], or that the documentation she submitted, including a Department of Labor Separation Notice and her handwritten notes about the alleged discrimination, satisfy the charge requirement.  The EEOC requires that a Title VII charge be "in writing and signed and . . . verified."  29 C.F.R. § 1601.9. The EEOC defines "verified" as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury."  29 C.F.R. § 1601.3(a).  None of the documents presented by Plaintiff satisfy those requirements, particularly the verification requirement, and therefore, Plaintiff has not shown that she filed "a valid and timely-filed EEOC charge."  *Rizo*, 228 Fed. Appx. at 836.[4]

---

[3] In fact, as discussed below, Plaintiff alleges that she was prevented from doing so by the EEOC.

[4] Plaintiff cites *Federal Express Corporation v. Holowecki*, 552 U.S. 389 (2008) in support of her assertion that her documents satisfied the charge-filing requirement (*see* Doc. 10 at 8-10), but her reliance on that case is misplaced.  In *Holowecki*, 552 U.S. 389 (2008), the Court held that an unverified intake questionnaire in an Age Discrimination in Employment Act ("ADEA") case could meet the EEOC's standards for determining what constituted a charge.  However, the Court stressed that "employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." *Id.* at 393.  While EEOC charges in ADEA cases are not required to be verified, EEOC charges filed in Title VII cases must be verified, and therefore, an unverified EEOC intake questionnaire, or other document, does not meet the

Furthermore, her assertion that the "EEOC has so found" that she timely brought a charge the day after she was terminated is unsupported.   The EEOC initially dismissed her April 25, 2012 charge as untimely (*see* Docs. 6-4, 6-5), and in denying reconsideration of the dismissal, the EEOC considered the merits of Plaintiff's charge and "determined the charge should be dismissed on the merits— not because it was untimely filed." (*See* Doc. 10-1 at 18).   That language does not indicate that the EEOC found that Plaintiff timely filed a charge the day after she was terminated, or at any point within the 180 day period, but instead, chose to reach the merits of her April 25, 2012 charge rather than dismiss it as untimely.

## 2.   Does Equitable Tolling Apply To Excuse The Late Filing?

Plaintiff further argues that, even if the Court finds that she did not timely file her charge, the Court should equitably toll the statute of limitations period because EEOC personnel prevented her from being able to file a charge because they misinformed her about her rights.   (Doc. 10 at 12-14).   Specifically, she alleges that she tried to file a charge the day after she was terminated, but that

---

EEOC's standards for determining what constitutes a charge.  *See, e.g.*, *Francois v. Miami Dade Cnty. Port of Miami*, 432 Fed. Appx. 819 (11th Cir. 2011) (unpublished decision); *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304 (11th Cir. 2001).

EEOC personnel told her that she could not file a charge of sex discrimination based on being transgender.  (*Id*. at 13-14; *see also* Doc. 10-2).

"Title VII's timely-filing requirement is non-jurisdictional, so it may be subject to equitable tolling."  *Bourne v. Sch. Bd.*, No. 12-11402, 2013 U.S. App. LEXIS 2266, at *4-5 (11th Cir. Feb. 1, 2013).  "A court may toll a statute of limitations only if it finds that an inequitable event prevented the plaintiff from filing a timely action, *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993), and the plaintiff has the burden in establishing the grounds for equitable tolling, *Bost v. Fed. Express Corp*., 372 F.3d 1233, 1242 (11th Cir. 2004)."  *Patel v. Ga. Dep't of Behavioral Health & Devel.*, No. 12-14160, 2013 U.S. App. LEXIS 7913, at *3 (11th Cir. Apr. 22, 2013) (unpublished decision). "Equitable tolling is an extraordinary remedy which should be extended only sparingly."  *Bost*, 372 F.3d at 1242 (quotation omitted).  The Eleventh Circuit has "recognized three distinct situations in which the Title VII limitation periods may be equitably tolled:

> (1) during the pendency of an action against the same parties and involving the same cause of action in a state court which had jurisdiction over the subject matter of the suit but was the wrong forum under state law; (2) when the defendant concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of these facts; and (3) when the EEOC misleads a complainant about the nature of his rights under Title VII.

*Jones v. Wynne*, 266 Fed. Appx. 903, 906 (11th Cir. 2008) (unpublished decision) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979))[5].  This case implicates the third scenario, i.e., the EEOC allegedly mislead Plaintiff by informing her that she could not file a charge alleging that she had been discriminated against on the basis of sex because she is transgender.

In considering whether Plaintiff has shown that the EEOC mislead her about the nature of her rights under Title VII, the undersigned notes that case law concerning the protections afforded by Title VII to transgender or transsexual individuals has evolved.  Although the Eleventh Circuit has not explicitly addressed whether *Title VII* prohibits discrimination against transgender or transsexual individuals, the court has recently held that "discrimination against a transgender individual because of her gender non-conformity is sex discrimination, whether it's described as being on the basis of sex or gender," and "constitutes sex-based discrimination under the Equal Protection Clause" of the Fourteenth Amendment.  *Glenn v. Brumby*, 663 F.3d 1312, 1316-17 (11th Cir. 2011).  In reaching that decision, the court acknowledged that, prior to the Supreme Court's decision in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), "several courts

---

[5] Decisions of the Fifth Circuit handed down before Oct. 1, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

concluded that Title VII afforded no protection to transgender victims of sex discrimination." *Glenn*, 663 F.3d at 1318 n.5 (listing cases). However, in *Price Waterhouse*, the Court held "that Title VII barred not just discrimination because of biological sex, but also gender stereotyping—failing to act and appear according to expectations defined by gender." *Id.* at 1316.[6] Following the *Price Waterhouse* decision, several circuits and district courts have held that "discrimination against a transgender individual because of her gender non-conformity is sex discrimination, whether it's described as being on the basis of sex or gender." *Id.* at 1317 (listing cases).

The parties acknowledge that in April 2012, shortly before Plaintiff filed her April 25, 2012 charge with the EEOC, the EEOC issued a decision in *Macy v. Holder*, in which it concluded that discrimination against a transgender individual is discrimination on the basis of sex in violation of Title VII. It is not clear whether that decision represents a change in the EEOC's interpretation of Title VII's protections, nor is it clear whether, in 2010, the EEOC, as a matter of policy, considered claims of transgender individuals to be actionable under Title VII or to

---

[6] *Price Waterhouse* did not involve a transgender individual, but rather, a woman who alleged that her employer did not promote her to partner because she did not conform to gender-based stereotypes about women, e.g., she was too aggressive, she used profanity, and she should "walk more femininely, talk more femininely, dress more femininely, wear make-up, have her hair styled, and wear jewelry." 490 U.S. at 234-35.

what extent.[7]   Therefore, it is unknown whether the individuals with whom Plaintiff allegedly communicated in 2010 acted pursuant to EEOC policy, or whether they acted pursuant to a misunderstanding of policy.   Furthermore, regardless of the EEOC's interpretation, it appears that as of 2010, many courts had recognized that Title VII protected discrimination against transgender or transsexual individuals who claimed that their employer discriminated against them for failing to conform to sex-based stereotypes.   Thus, if EEOC personnel in fact prohibited Plaintiff from filing a charge of discrimination based on her status as a transgender individual, they may have mislead her concerning her rights, sufficient to trigger equitable tolling of the 180-day statute of limitations.

Turning to the evidence bearing on the issue of equitable tolling, Plaintiff has offered her own declaration testimony that in January 2010 and in September 2010, she went to the EEOC and provided information and documents concerning her discrimination claim, but on both occasions EEOC personnel told her that she could not file a charge of discrimination based on sex because she is transgender.

---

[7] The undersigned notes that in the EEOC's May 7, 2012 letter to Plaintiff notifying her that her April 2012 charge was being dismissed as untimely, the EEOC refers to "the new interpretation of the law," but does not elaborate on that reference.  (*See* Doc. 6-4).

(*See* Doc. 10-2).[8]   Defendant challenges this evidence as "self-serving and not credible" (*see* Doc. 14 at 3), but the undersigned notes that in a December 19, 2012 letter, the EEOC indicated "A review of our records revealed that Ms. Chavez visited the Atlanta District Office on January 12, 2010, to file a charge of employment discrimination against Credit Nation," but that a charge "was not filed at that time."   (*See* Doc. 10-1 at 18).   That letter lends credence to Plaintiff's assertion that she went to the EEOC the day after she was terminated.

If credited, Plaintiff's testimony tends to show that Plaintiff attempted to exhaust her administrative remedies in a timely manner, but was thwarted by the EEOC, one of the circumstances that would warrant the application of equitable tolling to the statute of limitations in this case.   *See, e.g.*, *Smith v. Baldwin Cnty. Comm'n*, No. 09-0616-CG-M, 2010 U.S. Dist. LEXIS 52845, at *7-10 (S.D. Ala. Mar. 26, 2010) (finding that statute of limitations was equitably tolled where an EEOC investigator provided plaintiff "with misinformation which resulted in Plaintiff's failure to raise a claim of retaliation against Defendant," i.e., he

---

[8] Plaintiff also presents declarations of a family member and friends who testified that Plaintiff told her in 2010 that she had gone to the EEOC to file a claim. (*See* Docs. 10-3 through 10-5).   The undersigned agrees with Defendant that that testimony is hearsay, and should not be considered for the truth of the matter asserted, i.e., that Plaintiff in fact went to the EEOC, but it does evidence Plaintiff's contemporaneous understanding that she needed to pursue her administrative remedies through the EEOC.

incorrectly told the plaintiff she did not have a retaliation claim), *adopted by* 2010 U.S. Dist. LEXIS 64520 (S.D. Ala. June 25, 2010).   However, on the state of the record and at this stage of the litigation, the undersigned is reluctant to find that the limitations period should be equitably tolled.   Although the Court may "consider facts outside the pleadings and resolve factual disputes" related to exhaustion, that is only the case so long as, among other things, "the parties have sufficient opportunity to develop a record.' " *Tillery*, 402 Fed. Appx. at 424.   It does not appear that the parties have had a full opportunity to develop the record, particularly with respect to Plaintiff's interactions with the EEOC which she alleges prevented her from filing a charge during the 180-day period.

Rather than trying to determine whether Plaintiff's presentation at this stage definitively shows that equitable tolling applies, the undersigned finds that the better approach is to allow the parties to engage in discovery concerning Plaintiff's efforts to exhaust her administrative remedies.   Then, if appropriate, the parties may ask the Court to revisit this issue with a more fully developed record.   *See, e.g.*, *Bradley v. DeKalb Cnty.*, No. 1:10-CV-0218-TWT-GGB, 2010 U.S. Dist. LEXIS 118467, at *11 (N.D. Ga. May 17, 2010) (recommending that motion to dismiss be denied because "[a]t this stage of the proceedings, the parties have not had a sufficient opportunity to develop the record for the court, on a motion to

dismiss, to resolve a factual dispute regarding exhaustion of administrative remedies"), *adopted by* 2010 U.S. Dist. LEXIS 118449 (N.D. Ga. Nov. 4, 2010); *see also Page v. Postmaster Gen.*, 493 Fed. Appx. 994, 998 (11th Cir. 2012) (unpublished decision) (vacating grant of motion to dismiss plaintiff's complaint as time-barred, and remanding "to hold an evidentiary hearing or to allow the case to proceed so that the record may be more fully developed" on the issue of equitable tolling); *Linton v. Rowan-Cabarrus Comm. College*, No. 1:10CV404, 2013 U.S. Dist. LEXIS 45403, at *14 (M.D. N.C. Mar. 29, 2013) (denying motion to dismiss because "Plaintiff has plausibly alleged sufficient facts to reasonably invoke the doctrine of equitable tolling," but noting that "Defendants may raise this issue after discovery on a motion for summary judgment").

Therefore, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's Title VII claim be **DENIED without prejudice**, that Defendant be required to answer Plaintiff's Amended Complaint, and that discovery proceed, both on the underlying merits of Plaintiff's Title VII claim, as well as the issue of whether the statute of limitations period should be equitably tolled.

## <u>Summary</u>

It is **ORDERED** that Plaintiff's motion to strike Exhibit 1 to Defendant's motion to dismiss (Doc. 11); Defendant's motion to strike declarations submitted

by Plaintiff in support of her response to Defendant's motion to dismiss (Doc. 14); and Plaintiff's motion to strike Defendant's reply as untimely, or in the alternative, to file a surreply (Doc. 15) are **DENIED**.

It is **RECOMMENDED** that Defendant's motion to dismiss (Doc. 6) be **DENIED in part as moot** with respect to Plaintiff's 42 U.S.C. § 1981(a) "claim," and **DENIED in part without prejudice** with respect to Plaintiff's Title VII sex discrimination claim.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this  29th day of April, 2013.

 /s/  *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge