IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER CHAVEZ,<br><br>      **Plaintiff,**<br><br>v.<br><br>CREDIT NATION AUTO SALES,<br>INC. f/k/a SYNERGY MOTOR<br>COMPANY,<br><br>      **Defendant.** | 1:13-cv-312-WSD-JCF |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge J. Clay Fuller's Non-Final Report and Recommendation [20] ("R&R") on Defendant's Motion to Dismiss [6].

**I.   BACKGROUND**

    A.   Procedural History

On March 13, 2013, Plaintiff Jennifer Chavez ("Plaintiff") filed this action alleging sex discrimination against her former employer Defendant Credit Nation Auto Sales, Inc. f/k/a Synergy Motor Company ("Defendant"). In her First Amended Complaint [9], Plaintiff alleges that she is a transsexual and that, on January 11, 2010, Defendant terminated her because of animus based on her

gender identity and expression, in violation of Title VII of the Civil Rights Act of 1964.

On February 25, 2013, Defendant filed its Motion to Dismiss on the ground that Plaintiff failed to exhaust her administrative remedies under Title VII because she failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 29, 2013, Magistrate Judge Fuller issued his R&R recommending that the Motion to Dismiss be denied. The Magistrate Judge found that Plaintiff failed to submit a charge within the statutory time period, but he concluded that, on the current record before the Court, Plaintiff's charge still may have been timely based on equitable tolling.

Plaintiff objects to the Magistrate Judge's finding that she failed to file a charge within the statutory time period. Neither party objects to the Magistrate Judge's finding that equitable tolling may apply to Plaintiff's charge.

B.  Relevant Facts

On January 12, 2010, the day after she was fired, Plaintiff went to the EEOC office in Atlanta. (Pl.'s Ex. 2 [10-2] ¶ 1.) Plaintiff told an investigator that Defendant fired her because of her sex and that she wanted the EEOC to take action against Defendant. (Id. ¶¶ 3–4.) Plaintiff gave the investigator two documents: (i) a "Separation Notice," on a Georgia Department of Labor form,

2

from Defendant stating that Plaintiff was terminated on January 11, 2010 for "[s]leeping while on the clock on company time" (the "Separation Notice"); and (ii) handwritten notes taken by Plaintiff describing a meeting, on November 24, 2009, in which Plaintiff and Defendant's owner discussed Plaintiff's transition from male to female and Defendant's owner's alleged request that Plaintiff not wear certain feminine clothing when coming to and leaving work (the "November Meeting Notes"). (Id. ¶ 4, apps. A, B.) After conferring with her supervisor, the EEOC investigator told Plaintiff that she could not file a complaint because her "transgender" status was not protected from discrimination. (Id. ¶¶ 6–7.) Plaintiff left the EEOC office without having filed a formal complaint. (See id. ¶ 8.)

In September 2010, after hearing news reports about transgender individuals filing complaints with the EEOC, Plaintiff returned to the EEOC office in Atlanta. (Id. ¶ 10.) She told an investigator that she had suffered discrimination and wanted the EEOC to take action against Defendant, and she gave the investigator the Separation Notice and the November Meeting Notes. (Id. ¶¶ 11–12.) The investigator told Plaintiff that she could not file a complaint and turned her away. (Id. ¶¶ 14–15.)

On April 25, 2012, after again hearing news reports about transgender individuals filing complaints with the EEOC, Plaintiff returned to the EEOC office

in Atlanta.  (Id. ¶¶ 19.)  She requested to file a complaint against Defendant, and on this occasion she was permitted to do so.  (Id. ¶ 20.)[1]

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   *Review of a Magistrate Judge's Report and Recommendation*

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation,

---

[1] On May 10, 2012, the EEOC dismissed Plaintiff's complaint as untimely.  (Am. Compl. [9] ¶ 16.)  On Plaintiff's request, the EEOC reconsidered the decision, and on November 14, 2012, the agency affirmed its decision.  (Id. ¶¶ 18–20.)  Plaintiff then sought review by the Chair of the EEOC.  (Id. ¶ 21.)  On December 19, 2012, the Chair denied Plaintiff's request for review because she determined that the claim would be required to be dismissed on the merits.  (Id. ¶ 22; Pl.'s Ex. 1 app. C, Ex. 2 [10-1] at 18–19.)  Plaintiff appears to argue that the Chair's denial letter constitutes the EEOC's determination that her charge was timely.  The Court disagrees.  The letter denies further review of the agency's dismissal of the claim on the ground that, even if the claim was timely, it would be subject to dismissal on the merits.

a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    2.    *Motion to Dismiss*

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). The Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

    B.    Analysis

        1.    *Plaintiff's Objections*

Plaintiff does not dispute that, before filing this Title VII action, she was required to exhaust her administrative remedies by filing a "charge" of discrimination with the EEOC within 180 days of her termination. See, e.g., H&R Block E. Enters. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010) (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir.2001)) ("Before suing under Title VII, a plaintiff must first exhaust her administrative remedies. To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." (citation omitted)). A charge is required to "be in writing and signed and shall be verified." 29 C.F.R. § 1601.9 (2012). The Magistrate Judge found that Plaintiff's January and September 2010 submissions to the EEOC were not charges because they did not satisfy these requirements.

Plaintiff does not dispute that her submissions did not satisfy the verification requirement of a charge. She objects that the Magistrate Judge did not find her submissions to constitute a "sufficient" charge, to which her later verified charge could relate back, under 29 C.F.R. § 1601.12(b) (the "Cure Provision").[2]

Under Cure Provision,

> a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

Id. § 1601.12(b). The Cure Provision thus permits a claimant to correct technical defects in an otherwise timely charge, including a failure to verify the charge. See id.; Pijnenburg v. W. Ga. Health Sys., Inc., 255 F.3d 1304, 1307–08 (11th Cir. 2001). If the claimant's original submission suffers more than a technical defect, and is not itself recognizable as a "charge," the Cure Provision does not apply. See Pijnenburg, Inc., 255 F.3d at 1307–08. The question here is whether Plaintiff's January and September 2010 submissions to the EEOC were recognizable as a

---

[2] There is no dispute that Plaintiff's April 25, 2012, submission to the EEOC was a verified charge.

7

charge.

A charge serves "two significant functions: (1) notification to the employer that a discrimination charge has been lodged with the EEOC; and (2) initiation of the agency's investigation of the complaint." Pijnenburg, Inc., 255 F.3d at 1306; see Edelman v. Lynchburg Coll., 535 U.S. 106, 115 (2002) ("A complaint to the EEOC starts the agency down the road to investigation, conciliation, and enforcement, and it is no small thing to be called upon to respond."). A submission qualifies as a charge when it manifests the claimant's intent "to activate these functions." Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1319–20 (11th Cir. 2001).

Plaintiff's January and September 2010 submissions consisted of two documents: the Separation Notice and the November Meeting Notes. The Separation Notice states only that Plaintiff was terminated by Defendant for "[s]leeping while on the clock on company time." (Pl.'s Ex. 2 app. A [10-2] at 7.) The November Meeting Notes describe a meeting, nearly two months before Plaintiff's termination, between Plaintiff and Defendant's owner. (Id. app. B [10-2] at 12–15.) The Separation Notice and the November Meeting Notes do not state that Plaintiff was terminated for a discriminatory reason, and they do not manifest Plaintiff's intent for the EEOC to investigate a charge of discrimination or to

inform Defendant of such a charge.  See Pijnenburg, Inc., 255 F.3d at 1306 (holding that an EEOC intake questionnaire was not a sufficient charge because it failed to notify the employer and failed to initiate an EEOC investigation).[3]  The Court, having conducted its *de novo* review, concludes that Plaintiff's submissions were not a charge, and Plaintiff's objection to the Magistrate Judge's finding that Plaintiff failed to file a charge within 180 days is overruled.[4]

    2.    *Unobjected-to Recommendations*

Neither party objects to the remaining findings and recommendations in the R&R, including that the current record before the Court supports that Plaintiff's

---

[3] Plaintiff argues that she verbally requested that the EEOC take action on her behalf when she submitted her Separation Notice and November Meeting Notes. Because a charge, even under the Cure Provision, is required to be in writing, the Court may consider only Plaintiff's written submissions.  See 29 C.F.R. § 1601.12(b).

[4] Plaintiff also argues that Defendant has the burden to prove that Plaintiff did not file a timely charge.  The Court does not reach this argument because there is no factual dispute over the contents of Plaintiff's January and September 2010 submissions to the EEOC.  Regardless of which party has the burden of proof, Plaintiff does not dispute that the record on her exhaustion is complete, and Plaintiff agrees that, in January and September 2010, she submitted only her Separation Notice and November Meeting Notes to the EEOC.  The Court finds, as a matter of law, that these documents are not sufficient to constitute a charge.  See Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) ("Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.").

April 2012 charge may have been timely filed by virtue of equitable tolling. The Court does not find plain error in these findings and recommendations. See Chappell v. Emco Mach. Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979) (holding that equitable tolling of the period to file a charge "is appropriate when the EEOC misleads a complainant about the nature of his rights under Title VII").

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Non-Final Report and Recommendation [20] is **ADOPTED**. Defendant's Motion to Dismiss [6] is **DENIED**.

**SO ORDERED** this 19th day of August, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE